■ GEORGE OLIVIER et al., Respondents, v. MANTIONE CONTRACTING CORP., Appellant, et al., Defendants.— Order, entered on April 12, 1967 in this personal injury action, after a jury trial on the issue of liability, affirmed insofar as it provides that defendant-appellant is liable to plaintiffs for damages to be determined by a jury, with $50 costs and disbursements to plaintiffs. The jury's verdict is amply supported by the record, which clearly demonstrates that the existence of a chase in the pier was not physically impossible. Quite to the contrary, the bricklayer who built the chase, Mr. Palmieri, testified to the dimensions of the pipe, indicating that they were as set forth in the dissent, and stated that the chase was built " to follow the contour of the pipe ". Moreover, the pier was constructed so that it surrounded the pipe on only three sides. Concur — Botein, P. J., Capozzoli and Rabin, JJ.; Tilzer and McNally, JJ., dissent in the following memorandum: We dissent and vote to order a new trial, on the ground the verdict is against the weight of the evidence. The physical facts demonstrate the impossibility of the existence of a chase in the pier. The castiron pipe, which was introduced into evidence, had an inside diameter of 4 inches with an outside diameter of $4\frac{1}{2}$ inches, along with a hub at the end of the pipe which measured $6\frac{1}{4}$ inches at the outer rim. It would be physically impossible to insert a castiron pipe of these dimensions into a chase which obviously was insufficient in size to accommodate it. Plaintiffs' proof showed the chase to be 4 inches by 4 inches.

■ In the Matter of LEWIS S. ROSENSTIEL, Respondent, v. SUSAN L. ROSENSTIEL, Appellant.— Order entered August 15, 1967 unanimously reversed, on the law and the facts, with $30 costs and disbursements to appellant, with leave to renew upon a more detailed showing. The affidavits in support of the application are not made on knowledge and do not sufficiently set forth that a publication of any libel was made (*Cotler* v. *Retail Credit Co.*, 18 A D 2d 898). Concur — Steuer, J. P., Capozzoli, Tilzer, McGivern and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES GEORGE TONGE, Appellant.— Order entered on June 13, 1966 denying, after a hearing, appellant's application for a writ of error *coram nobis*, unanimously affirmed. However, a copy of the trial minutes which appellant requested shall be furnished to him, and the affirmance shall be without prejudice to a motion by appellant, if so advised, made within 60 days after receipt of the minutes, for a new hearing on his *coram nobis* application aforesaid. Concur — Botein, P. J., Eager, Capozzoli, Tilzer and McGivern, JJ.

■ In the Matter of the Accounting of MONEA M. GRANWELL, as Executrix of LESLIE J. GRANWELL Deceased. MONEA M. GRANWELL, Individually and as Executrix of LESLIE J. GRANWELL, Deceased, Appellant-Respondent, ALAN W. GRANWELL, Respondent-Appellant.— The order of this court entered in the above-entitled matter on May 10, 1966 was reversed by the Court of Appeals on June 1, 1967 and the case remitted to this court for further proceedings in accordance with the opinion of the Court of Appeals (*Matter of Granwell*, 20 N Y 2d 91, 98). The opinion states that the case should be remanded to this court so that it may pass upon certain factual issues which have been left unresolved, namely, "whether Leslie [Granwell] intended the $22,000 of extra support payments and excess insurance proceeds to be set off against the support payments due after his death or, perhaps, in satisfaction of his other obligations to his son under the separation agreement." We find the present record inadequate for the proper resolution of such issues and accordingly direct that the matter be remanded to the Surrogate to take further testimony and make appropriate findings. Concur — Botein, P. J., Rabin, McNally and Steuer, JJ.